Case No. 3:15-cv-08474-MAS-DEA

Phillip Theodorou
446 Ewingville Road
Ewing, New Jersey 08638

Steven Theodorou
446 Ewingville Road
Ewing, New Jersey 08638

Anna Theodorou
446 Ewingville Road
Ewing, New Jersey 08638

Jeffrey Heller
602 Fourth Street
Riverside, New Jersey 08075

and

Mohamed Elkady
801 Willowpen Drive - Apt. J203
Southampton, Pennsylvania 18966

Defendants *pro se*

RECEIVED

FEB 11 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT KIRKMAN, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>PHILLIP THEODOROU, STEVEN THEODOROU, ANNA THEODOROU, JEFFREY HELLER, and MOHAMED ELKADY,<br><br>    Defendants. | Civil Action No. 3:15-cv-08474-MAS-DEA<br><br>ANSWER |

Defendants, PHILLIP THEODOROU, STEVEN THEODOROU, ANNA THEODOROU,

Case No. 3:15-cv-08474-MAS-DEA

JEFFREY HELLER, and MOHAMED ELKADY (hereinafter "Defendants"), by way of answer to the complaint, alleges as follows:

## PRELIMINARY STATEMENT

To the extent that the numbered paragraphs in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraphs in plaintiff's complaint contain factual allegations they are not sufficiently specific such that defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

## NATURE OF THE ACTION

To the extent that the numbered paragraph 1 in plaintiff's complaint contains actual allegations they are not sufficiently specific such that defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

To the extent that the numbered paragraph 2 in plaintiff's complaint contains factual allegations with respect to defendant Philip Theodorou, a fabric screen-printer, Defendants denies the remaining allegations in paragraph 2.

To the extent that the numbered paragraph 3, in plaintiff's complaint contains allegations of federal registered trademark claims arising under the laws of the State of New Jersey, speaks for itself and therefore no response is required and deemed denied. The allegations in the rest of paragraph 3 constitute legal conclusion of law to which no response is required and are deemed denied.

## JURISDICTION & VENUE

Defendants admit paragraphs 10 that generally a United States District Court may have jurisdiction over cases arising under 28 U.S.C. Sect.2201 et sec.

To the extent that the paragraph 11 in plaintiff's complaint contains summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required and are deemed denied.

Defendants admit that this Court has personal jurisdiction over defendants because Defendants do reside in the State of New Jersey and have business in the State of New Jersey. Defendants deny the remaining allegations in paragraph 12 of plaintiff's complaint.

Defendants admit Paragraph 13 pursuant to Section 1391(b) of the United States Judicial Code 28 U.S.C. Sect. 1391(b), which statutes speak for themselves. The remaining allegations in paragraph 13 of the complaint are denied.

### PLAINTIFF'S FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff and the WALKING DEAD Mark</u>

To the extent that paragraph 14 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of plaintiff's complaint.

To the extent that paragraph 15 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of plaintiff's complaint.

To the extent that paragraph 16 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of plaintiff's complaint.

To the extent that paragraph 17 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's complaint.

To the extent that paragraph 18 in plaintiff's complaint contains factual allegations,

Case No. 3:15-cv-08474-MAS-DEA

they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of plaintiff's complaint.

To the extent that paragraph 19 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of plaintiff's complaint.

To the extent that paragraph 20 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of plaintiff's complaint. Upon information and belief, AMC is not a captioned plaintiff.

To the extent that paragraph 21 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of plaintiff's complaint. Upon information and belief, AMC is not a captioned plaintiff.

To the extent that paragraph 22 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of plaintiff's complaint. Upon information and belief, AMC is not a captioned plaintiff but a purported owner/applicant of U.S. Reg. Nos. 4007681, 4314918, 4429084 and 443715.

To the extent that the numbered paragraph 23 in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of plaintiff's complaint.

Upon information and belief, trademark Application Serial No. 86/145, 914 (the "Kirkman Application") has been suspended. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of plaintiff's complaint.

B. <u>Defendant's Infringing Conduct.</u>

Defendants deny the allegations in paragraph 25 of plaintiff's complaint.

(i) *<u>Defendants' Broad-Based, Continuing, Unauthorized Series Of Trademark Filings in Spite of Plaintiff's Express Objections.</u>*

Pursuant to Paragraph 26 of plaintiff's complaint, Defendants Anna Theodorou and Phillip Theodorou admit the filing of U.S. Trademark Serial No. 86/133,235 with the United States Patent and Trademark Office on December 2, 2013. The remaining allegations in paragraph 26 of plaintiff's complaint are denied.

Pursuant to Paragraph 27 of plaintiff's complaint, Defendants admit to the filing of additional trademark applications with the United States Patent and Trademark Office. The remaining allegations in paragraph 27 of plaintiff's complaint are denied.

- On January 16, 2014, Defendants Anna Theodorou and Phillip Theodorou admit the filing of U.S. Trademark Serial No. 86/166,802 with the USPTO..

- On February 1, 2014, Defendants Anna Theodorou and Phillip Theodorou admit the filing of U.S. Trademark Serial No. 86/181,789 with the USPTO.

- On February 4, 2014, Defendants Anna Theodorou and Phillip Theodorou admit the filing of U.S. Trademark Serial No. 86/183,334 with the USPTO..

- On March 30, 2014, Defendants Phillip Theodorou and Mohamed Elkady admit the filing of U.S. Trademark Serial No. 86/236,569 with the USPTO.

To the extent that paragraph 28 in plaintiff's complaint contains factual allegations,

they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of plaintiff's complaint.

Defendants Admit paragraph 29 of plaintiff's complaint, except state that defendants Steven Theodorou and Jeffrey Heller abandoned their trademark application Serial No. 86/270,745 with the USPTO on January 19, 2016.

    (ii) *Defendants' Interference With Plaintiff's Rights.*

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of plaintiff's complaint.

To the extent that paragraph 37 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of plaintiff's complaint.

    (iii) *Defendants' Impending Use of the Infringing Mark*

Defendants deny the plaintiff's allegations in paragraph 38 of plaintiff's complaint.

Defendants deny the plaintiff's allegations in paragraph 39 of plaintiff's complaint.

Defendants deny the plaintiff's allegations in paragraph 40 of plaintiff's complaint.

Defendants deny the plaintiff's allegations in paragraph 41 of plaintiff's complaint.

Defendant Phillip Theodorou admits the ownership of a screen printing company called We Print the World. The remaining sentences in paragraph 42 of plaintiff's complaint are denied.

Defendants deny the allegations in paragraph 43 of plaintiff's complaint.

Defendants deny the plaintiff's allegations in paragraph 45 of plaintiff's complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of plaintiff's complaint.

Defendants deny the plaintiff's allegations in paragraph 47 of plaintiff's complaint.

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 48 of plaintiff's complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of plaintiff's complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of plaintiff's complaint.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. Sect. 1114(1)

Defendants hereby repeats and realleges the answers to the paragraphs 1 through 51 of plaintiff's complaint as if set forth fully herein.

To the extent that the numbered paragraph 52 in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 53 in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 54 in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied. Defendants admit that they have no affiliation with Plaintiff.

To the extent that the numbered paragraph 55 in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that paragraph 56 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of plaintiff's complaint.

To the extent that the numbered paragraph 57 in plaintiff's complaint contain

summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 58 in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of plaintiff's complaint.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF:
### FEDERAL UNFAIR COMPETITION (15 U.S.C. Sect. 1125(a)

Defendants hereby repeats and realleges the answers set forth above as if set forth fully herein.

To the extent that the numbered paragraph 61 in plaintiff's complaint contain summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied..

Defendants deny the plaintiff's allegations in paragraph 62 of plaintiff's complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of plaintiff's complaint.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF:
### FEDERAL TRADEMARK DILUTION (15 U.S.C. Sect. 1125(c)

Defendants hereby repeats and realleges the answers set forth above as if set forth fully herein.

To the extent that paragraph 65 in plaintiff's complaint contains factual allegations, they are not sufficiently specific such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of plaintiff's complaint.

To the extent that the numbered paragraph 66 in plaintiff's complaint contain

summaries of case law and New Jersey Court Rules and conclusions of law to which no response is required are deemed denied. .

To the extent that the numbered paragraph 67 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 68 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of plaintiff's complaint.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF: DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER NEW JERSEY STATE LAW (N.J. STAT. Sects.56:8-1 *et sec*)

Defendants hereby repeats and realleges the answers set forth above as if set forth fully herein.

To the extent that the numbered paragraph 71 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 72 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of plaintiff's complaint.

Case No. 3:15-cv-08474-MAS-DEA

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF:
### FALSE DESIGNATION OF ORIGIN
### UNDER NEW JERSEY STATE LAW (N.J. STAT. Sects.56:3-13.16)

Defendants hereby repeats and realleges the answers set forth above as if set forth fully herein.

To the extent that the numbered paragraph 75 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 76 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 77 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of plaintiff's complaint.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF:
### UNFAIR COMPETITION UNDER
### NEW JERSEY STATE LAW (N.J. STAT. Sects.56:4-1) AND COMMON LAW)

Defendants hereby repeats and realleges the answers set forth above as if set forth fully herein.

To the extent that the numbered paragraph 80 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 81 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 82 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of plaintiff's complaint.

## PLAINTIFF'S SEVENTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT UNDER 28 U.S.C. Sec. 2201)

Defendants hereby repeats and realleges the answers set forth above as if set forth fully herein.

To the extent that the numbered paragraph 85 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 86 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 87 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 88 in plaintiff's complaint contain

summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

To the extent that the numbered paragraph 89 in plaintiff's complaint contain summaries of New Jersey Court Rules and conclusions of law to which no response is required are deemed denied.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Unclean Hands

### THIRD AFFIRMATIVE DEFENSE

Damages, if any, were the result of the sole negligence or other behavior of plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Recovery is barred in this action, in whole or in part, by the contributory and/or comparative negligence, or other acts, of the plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages, and any claims of damages by plaintiffs are speculative.

### RELIEF REQUESTED

WHEREFORE, the Defendants demand judgment against the plaintiff:

Dismissing the Complaint, together with attorney fees, costs of suit, such other relief as the Court may deem just and equitable; and

Dismissing plaintiff's Seventh Claim for relief wherein plaintiff seeks declaratory and injunctive relief; and

Dismissing paragraph A of the Wherefore Clause in its entirety wherein plaintiff seeks an injunction be issued.

Dismissing paragraph B of the Wherefore Clause in its entirety.

Dismissing paragraph C of the Wherefore Clause in its entirety.

Dismissing paragraph D of the Wherefore Clause in its entirety.

Dismissing Paragraph E of the Wherefore Clause in its entirety.

Dismissing paragraph F of the Wherefore Clause in its entirety.

Dismissing paragraph G of the Wherefore Clause in its entirety.

Dismissing paragraph H of the Wherefore Clause in its entirety.

Dismissing Paragraph I of the Wherefore Clause in its entirety.

Dismissing paragraph J of the Wherefore Clause in its entirety.

Dismissing paragraph K of the Wherefore Clause in its entirety.

Dismissing Paragraph L of the Wherefore Clause in its entirety.

Awarding Defendants such other and further relief as the Court may deem just and proper.

Defendant reserves the right to amend this pleading if there is any change to the facts stated.

Dated: February 10, 2016

Respectfully submitted,

By: Defendants: *PRO SE*

*[signature]*
PHILLIP THEODOROU

*[signature]*
ANNA THEODOROU

*[signature]*
STEVEN THEODOROU

Case No. 3:15-cv-08474-MAS-DEA

JEFFREY HELLER

MOHAMED ELKADY

TO:
Robinson Miller, LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Craig S. Mende
James D. Weinberger
Jason D. Jones
866 United Nations Plaza
New York, New York 10017
(212) 813-5900

Attorneys for Plaintiff Robert Kirkman, LLC.

Case No. 3:15-cv-08474-MAS-DEA

## CERTIFICATION OF NO OTHER ACTIONS

We certify that this dispute is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of our knowledge and belief, except a pending proceeding No. 91218669 in the United States Patent and Trademark Office, Trademark Trial and Appeal Board, Alexandria, VA 22313-1451.

In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: February 11, 2016

*[signature]*
PHILLIP THEODOROU

*[signature]*
ANNA THEODOROU

*[signature]*
STEVEN THEODOROU

_____
JEFFREY HELLER

_____
MOHAMED ELKADY

Case No. 3:15-cv-08474-MAS-DEA

## CERTIFICATION REGARDING FILING AND SERVICE

The undersigned herby certifies that a copy of this pleading was served and filed on the below mentioned parties, this 11 day of February, 2016.

TO:
Robinson Miller, LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Craig S. Mende
James D. Weinberger
Jason D. Jones
866 United Nations Plaza
New York, New York 10017
(212) 813-5900

Attorneys for Plaintiff Robert Kirkman, LLC.

_____
PHILLIP THEODOROU

Case No. 3:15-cv-08474-MAS-DEA

## DEMAND FOR TRIAL BY JURY

TAKE NOTICE THAT Defendants demand a trial by jury on all issues.

Dated:

*[signature]*
PHILLIP THEODOROU

Case No. 3:15-cv-08474-MAS-DEA