**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT KIRKMAN, LLC,

        Plaintiff,

        v.

PHILLIP THEODOROU, et al.,

        Defendants.

Civil Action No. 15-8474 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Robert Kirkman, LLC's ("Plaintiff") Motion for Summary Judgment as to liability under the Lanham Act. (ECF No. 36.)  *Pro se* Defendants Phillip Theodorou, Steven Theodorou, Anna Theodorou, and Mohamed Elkady (collectively, "Defendants") filed opposition and a Cross-Motion for Summary Judgment (ECF No. 39), and Plaintiff replied (ECF No. 40).  The Court has carefully considered the parties' submissions and heard oral argument on November 15, 2016.  For the reasons stated below, Plaintiff's Motion for Summary Judgment as to liability under the Lanham Act and alternative request for a declaratory judgment is denied without prejudice.[1]

---

[1] Defendants filed opposition and a Cross-Motion for Summary Judgment.  To the extent relevant, the Court incorporates Defendants' opposition arguments into its analysis.  The Court, however, finds that Defendants merely rebut Plaintiff's arguments rather than demonstrate that there is no genuine dispute as to material fact with respect to its own summary judgment motion. Accordingly, Defendants' Cross-Motion for Summary Judgment is denied without prejudice.

## I.  **Background**

This action arises from a trademark dispute between Plaintiff, a business formed by Robert Kirkman, creator of The Walking Dead comic books and graphic novels, and Defendants, a group of entrepreneurs.  Plaintiff is the owner of four federal trademark registrations and one pending use-based application for THE WALKING DEAD (hereinafter "the Mark" or "Plaintiff's Mark"). *See* THE WALKING DEAD, Registration Nos. 4314918, 4007681, 4443715, 4429084, and U.S. Trademark Application Serial No. 86145914 (Dec. 17, 2013).  Defendants have filed a total of eleven trademark applications with the United States Patent and Trademark Office ("USPTO") in order to register the Mark in connection with an assortment of goods and services, including "t-shirts," "[c]offee," "[b]ottled water," and "[r]estaurant services and themed restaurant services." (Compl. ¶¶ 26-27, ECF No. 1; *see also* U.S. Trademark Application Serial Nos. 86133235 (Dec. 2, 2013); 86166802 (Jan. 16, 2014); 86181789 (Feb. 1, 2014); 86183334 (Feb. 4, 2014); 86236569 (Mar. 30, 2014); 86270745 (May 2, 2014); 86418856 (Oct. 9, 2014); 86564355 (Mar. 15, 2015); 86703323 (July 24, 2015); 86703328 (July 24, 2015); and 86880242 (Jan. 20, 2016).)  After Defendants filed their first four trademark applications, Plaintiff's "counsel sent a letter to Defendants . . . demanding that they immediately cease their unauthorized attempts to register [the Mark] and halt their plans to use [the Mark] for the goods and services recited in their pending trademark applications." (Pl.'s Moving Br. 9, ECF No. 36-1.)  Defendants, however, continued to file more applications with the USPTO.  (*Id.*)  Due to these filings, the USPTO "blocked" Plaintiff's trademark application from proceeding to registration "thereby interfering with [its] ability to secure the full protection afforded by registration of the [M]ark." (Compl. ¶ 30.)

Plaintiff alleges the following facts:[2] (1) Defendants have "undertaken extensive planning and development efforts" in relation to their use of the Mark; (2) Defendants intend to "open a health food restaurant"[3] in New Jersey under the Mark; (3) Defendants' restaurant will sell merchandise under the Mark; (4) Defendant Phillip Theodorou owns a screen printing company capable of manufacturing products with the Mark; and (5) Plaintiff is not associated with Defendants nor has it authorized or licensed Defendants to use the Mark. (Compl. ¶¶ 38, 40-42, 44; Pl.'s Statement of Undisputed Material Facts ("SUMF") ¶¶ 26, 54-55, 58, ECF No. 36-2.)

Plaintiff asserts the following causes of action: (1) Federal Trademark Infringement under 15 U.S.C. § 1114(1); (2) Federal Unfair Competition under 15 U.S.C. § 1125(a); (3) Federal Trademark Dilution under 15 U.S.C. § 1125(c); (4) Declaratory Judgment under 28 U.S.C. § 2201; and corresponding New Jersey state and common law claims.

The Court discerns the following arguments from Defendants' Opposition and Cross-Motion for Summary Judgment and oral argument: (1) Plaintiff's Mark is descriptive in nature and "has not acquired distinctiveness through secondary meaning"; (2) "[t]here is a crowded field of marks incorporating . . . The Walking Dead" title; (3) Defendants were the first to register for

---

[2] Plaintiff argues that because Defendants have not submitted a Statement of Undisputed Material Facts, as required under Local Civil Rule 56.1, all of its facts should be accepted as uncontested. (Pl.'s Reply Br. 2, ECF No. 40.) The Court is not required to construe Rule 56.1 so narrowly, especially when a party is *pro se*. *See, e.g., Summer v. Schrek*, No. 13-1840, 2015 WL 5646528, at *3 n.2 (D.N.J. Sept. 24, 2015) ("[The p]laintiff's opposition papers do not include a separate statement of material facts. The [c]ourt is inclined to interpret this rule liberally, however, [because the plaintiff] is appearing *pro se*.").

[3] Defendants appear to dispute Plaintiff's characterization of the restaurant as a "health food restaurant." (Defs.' Cross-Mot. 6, ECF No. 39.) The Court need not consider immaterial facts such as this when reviewing a summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material* fact.").

trademark protection, and therefore have priority of use;   (4) "[c]opyright protection does not extend to titles, names, slogans, or short phrases"; (5) Plaintiff has misrepresented its scope of authorship because Robert Kirkmam "composed his work with the help of co-authors"; (6) Plaintiff has misused ®—the registered trademark symbol; (7) Plaintiff has unclean hands;[4] and (8) Plaintiff is not the owner of AMC's registered trademarks. (Defs.' Cross-Mot. 2-5, 11, ECF No. 39.)

## II.   Standard of Review

Before the Court is Plaintiff's Motion for Summary Judgment as to liability under the Lanham Act.  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).   Disputes over irrelevant or unnecessary facts will not preclude a court from granting summary judgment.  *Id*.  The party moving for summary judgment has the initial burden of proving an absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

If the non-moving party bears the burden of proof at trial, the movant may discharge its burden by pointing to an absence of evidence necessary to support the non-movant's claim. *Id*. at 325.  Alternatively, a moving party may submit affirmative evidence that negates a material

---

[4] The Court notes that Defendants' Cross-Motion for Summary Judgment references "unclean hands" in conjunction with its assertion that Plaintiff has misused the ® symbol. (*See* Defs.' Cross-Mot. at 5.)  After Defendants' oral argument, however, the Court construes it as a separate claim. (*See* Oral Arg. Tr. 4, 17, 19, 21, 22, 23, Nov. 15, 2016.)

element of the non-moving party's claim. *Id.* at 325-31. If the movant brings such affirmative evidence, or makes showing that the non-movant lacks evidence essential to its claim, the burden shifts to the non-moving party to set forth "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e). The burden of persuasion, however, rests ultimately on the non-moving party to establish each element necessary to succeed on the claims on which it bears the burden of proof at trial. *Celotex*, 477 U.S. at 322.

To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in the light most favorable to the non-moving party. *Kaucher*, 455 F.3d at 423. On a motion for summary judgment, however, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 249. Absent a genuine dispute of fact for trial, summary judgment as a matter of law is proper.

## III.   Analysis

### A.   Summary Judgment as to liability under the Lanham Act

Plaintiff's argument—that Defendants' intent and ability to use the Mark violates the Lanham Act—is unpersuasive. The Lanham Act requires Defendants to have used the Mark in commerce. *See* 15 U.S.C. § 1114(1); *see also* 15 U.S.C. § 1125(a)(1); *cf. Cello P'ship v. Commc'n Workers of Am.*, No. 02-5542, 2003 WL 25888375, at *6 (D.N.J. Dec. 11, 2003) (holding that the defendant's use was non-commercial and therefore "[did] not constitute 'use in commerce' necessary for incurring liability under the Lanham Act"); *Howard Johnson Int'l, Inc. v. Vraj Brig, LLC*, No. 08-1466, 2010 WL 215381, at *6 (D.N.J. Jan. 14, 2010). The Court has carefully reviewed the evidence submitted in support of Plaintiff's motion and finds that Plaintiff failed to establish that Defendants have used the Mark in commerce.

Plaintiff's summary judgment brief contains extensive and well-reasoned analysis that the Court would likely have found persuasive had Plaintiff demonstrated that Defendants used the Mark in commerce. Plaintiff, however, did not analyze the "use" issue. Rather, Plaintiff only mentioned "use" during its anticipatory discussion of Defendants' potential arguments. Plaintiff stated:

> [I]t is conceivable that Defendants will respond to this motion by arguing that they have not actually made use the [sic] Infringing Mark on all the goods identified in their applications and, thus, cannot be liable for infringement or the other related causes of action discussed above. While [Plaintiff] disagrees with this position, even assuming no such actual use has been made, it is clear Defendants have taken prepatory steps that evidence a concrete intention to use the Infringing Mark on the applied-for goods, which entitles [Plaintiff] to a declaratory judgment notwithstanding the purported lack of use.

(Pl.'s Moving Br. 29.) In the absence of sufficient analysis and reference to relevant Third Circuit authority as to use, the Court cannot reach Plaintiff's later analysis.[5] Accordingly, Plaintiff's Motion for Summary Judgment as to liability under the Lanham Act is denied without prejudice.

---

[5] During their initial scheduling conference, the parties declined the opportunity to engage in formal discovery and indicated that they were prepared to move directly to summary judgment briefing in the matter. (Initial Scheduling Conference Tr. 13-14, ECF No. 34.) Because the Court is unable to make an ultimate determination on Plaintiff's claims, the parties are free to revisit the discovery issue prior to renewed summary judgment briefing. If the parties engage in renewed summary judgment briefing, they must comply with the Federal Rules of Civil Procedure and the District of New Jersey's Local Civil Rules. Defendants, therefore, must submit a "responsive statement of material facts, addressing each paragraph of [Plaintiff's] statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R. 56.1. If Defendants file a cross-motion for summary judgment, they must "furnish a statement [that] sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." *Id.* Based on the Court's clear admonition, it will not be inclined to liberally interpret Local Civil Rule 56.1 on renewed summary judgment briefing.

6

### B.     Declaratory Judgment

Plaintiff argues that in the alternative to summary judgment, it is entitled to declaratory judgment.  In support, Plaintiff states that "where the alleged infringer has taken 'specific' steps that 'evidence a concrete intention to use' the [M]ark . . . [the] Court can render a declaratory judgment." (*Id.*)  Plaintiff's argument, however, relies on inapposite case law.  (*See, e.g.*, Pl.'s Moving Br. 29-30; *see also MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 122 (2007) (The petitioner sought, *inter alia*, declaratory judgment of patent invalidity after the respondent sent correspondence that the petitioner considered "to be a clear threat to . . . sue for patent infringement"); *Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996), *abrogated on other grounds by MedImmune*, 549 U.S. 118 (2007) (The plaintiff sought declaratory judgment after the defendant threatened to sue for trademark infringement.); *Gelmart Indus., Inc. v. Eveready Battery Co.*, 120 F. Supp. 3d 327, 328 (S.D.N.Y. 2016) ("[The plaintiff] commenced th[e] action seeking a declaratory judgment of non-infringement.").

Contrary to the cases Plaintiff relies upon, Plaintiff did not preemptively seek to avoid liability by requesting that the Court grant a declaratory judgment.  Rather, Plaintiff appears to request that the Court apply the same tests that it presented in its summary judgment motion but with a lower "intent to use" standard. (*See, e.g.*, Pl.'s Moving Br. 30 ("[Plaintiff] is entitled [to] a declaratory judgment that Defendants' intended use of [the Mark] constitutes infringement, unfair competition, and dilution (for all of the reasons cited above . . . ).").).

Plaintiff's limited and insufficient analysis with citations to inapposite case law does not persuade the Court of its ultimate entitlement to relief.  Plaintiff must clearly set forth the standard

and cite to relevant, analogous authority in support of its request for relief.[6]   Accordingly,

Plaintiff's request for a declaratory judgment is denied without prejudice.


s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE


**Dated:** November 30, 2016

---

[6] The Court is not required to construct a party's legal arguments or perform its legal research. *See Evan Law Grp. LLC. v. Taylor*, No. 09-4896, 2010 WL 5135904, *6 (N.D. Ill. Dec. 9, 2010) (citing *In re Maurice*, 21 F.3d 767, 774 (7th Cir. 1994)).