**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT KIRKMAN, LLC,

    Plaintiff,

v.

PHILLIP THEODOROU, et al.,

    Defendants.

Civil Action No. 15-8474 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Robert Kirkman, LLC's ("Plaintiff") informal application for voluntary dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (ECF No. 49.) *Pro se* Defendants Phillip Theodorou, Steven Theodorou, and Anna Theodorou (collectively, "Defendants") filed opposition and an application for leave to amend their answer (ECF Nos. 50, 51, 53). Plaintiff replied. (ECF Nos. 52, 54.) For the reasons stated below, Plaintiff's application is GRANTED.

    The background of this matter was set forth in the Court's previous decision and will not be repeated here. Plaintiff seeks to dismiss its claims in this action without prejudice in order to return to the Trademark Trial and Appeal Board of the United States Patent & Trademark Office, where it can challenge Defendants' attempts to register THE WALKING DEAD mark. (Pl.'s Letter 1, ECF No. 49.) Plaintiff asserts that it will refile this action and renew its summary judgment motion in the event that Defendants make use of the mark. (*Id.*) Defendants oppose Plaintiff's application, arguing that dismissal would "leave[] [D]efendants in a precarious position without recourse to genuine issues of Plaintiff's trademark genuineness, misuse,

misrepresentation, fraud, unclean hands, and the determination that THE WALKING DEAD mark is descriptive and not secondary." (Defs.' Opp'n 1, ECF No. 50.) Plaintiff replies that because Defendants have yet to use the mark in commerce, the Court does not have the ability to determine Plaintiff's claims on the merits. (Pl.'s Reply 1, ECF No. 52.) Plaintiff also asserts that Defendants can raise the defenses set out in their request for leave to amend before the Trademark Trial & Appeal Board. (*Id.* at 2.)

> Rule 41(a)(2) provides that:
>
>> An action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2).

The Court has carefully considered the positions set forth in the correspondence and does not find Defendants' arguments persuasive. While Defendants oppose dismissal and would like the Court to adjudicate "genuine issues," the issues they seek to adjudicate are their defenses to Plaintiff's claim.[1] As noted by Plaintiff in its correspondence, Defendants can raise these defenses

---

[1] Defendants' opposition appears to misconstrue the meaning and effect of footnote 4 of the Court's decision on Plaintiff's summary judgment motion, where the Court stated that "[a]fter Defendants' oral argument . . . the Court construes [Defendants' "unclean hands" arguments] as a separate claim." (Defs.' Opp'n 2.) The Court's understanding with respect to the difference between the positions Defendants espoused in their summary judgment opposition brief and their oral argument on the motion for summary judgment is irrelevant to the Plaintiff's current application to voluntarily dismiss the complaint. Defendants' Answer in the present case included defenses and did not include counterclaims. (*See generally* Answer, ECF No. 19.) Furthermore, Defendants' recent application to amend their Answer does not change the outcome as Defendants' initial Answer is currently the operative Answer in this matter.

2

at the Trademark Trial & Appeal Board. Here, the Court finds good cause to grant Plaintiff's request and dismiss its claims against Defendants without prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 30th, 2017

3